**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-18-04213-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Muriel Iris Brown, | |
| Defendant. | |

At issue is Plaintiff United States of America's ("Government") motion for judgment on the pleadings, which is fully briefed. (Docs. 29, 33, 34.) Also before the Court is the Government's motion to strike Defendant Muriel Iris Brown's affirmative defenses (Doc. 27), to which Defendant did not respond. For the following reasons, the Government's motion for judgment on the pleadings is granted, and its motion to strike Defendant's affirmative defenses is granted pursuant to LRCiv 7.2(i).[1]

**I. Background**

The following facts have been alleged by the Government and admitted by Defendant in her answer.

Defendant has used at least two aliases to enter the United States: "Claudia Theodora Abisodu Fisher" and "Muriel Iris Brown." In 1995, the Government issued an

---

[1] The Government's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

order of removal of Defendant. She departed the United States sometime between 1995 and 1998. At that time, she went by the Fisher name.

In January 1998, Defendant applied for refugee status using the Brown name. Her application was approved and Defendant was admitted to the United States as a refugee in June 1998. In December 1999, Defendant applied for adjustment to lawful permanent resident ("LPR") status. Defendant received LPR status in February 2001 and was naturalized in May 2004. However, when applying to become a refugee, LPR, and citizen, Defendant did not disclose her Fisher alias, alternative alien registration number, or previous order of removal.

The Government filed this action in 2018. In Count II of its amended complaint, the Government alleges that Defendant unlawfully procured her citizenship because she was not eligible for adjustment to LPR status—a prerequisite to naturalization. Based on Defendant's admissions in her answer, the Government now moves for judgment in its favor on Count II pursuant to Federal Rule of Civil Procedure 12(c).

**II. Legal Standard**[2]

A motion for judgment on the pleadings under Rule 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is

---

[2] Defendant erroneously argues that the Government's motion is governed by Federal Rule of Civil Procedure 56 and LRCiv 56.1, which apply to summary judgment motions. Based on this misguided assumption, Defendant argues that the Court should deny the Government's motion because it does not contain a separate statement of facts. Defendant is doubly wrong. First, the Government has not moved for summary judgment; it has moved for judgment on the pleadings. A motion for judgment on the pleadings is based solely on the allegations of the complaint and the admissions in the answer. It is not based on extrinsic evidentiary material. It would be inappropriate for a party moving for judgment on the pleadings to include a separate statement of facts. Second, even if the Government had moved for summary judgment, a separate statement of facts would not have been authorized. Defendant ignores the Court's April 10, 2019 scheduling order, paragraph 7(c) of which explicitly states, "the parties may not file separate statements of facts or separate controverting statements of facts, and instead must include all facts in the motion, responses, or reply itself." (Doc. 23 at 4.)
As a result of these assumptions, Defendant has made three errors. First, Defendant briefed her response memorandum under the wrong legal standard. Second, Defendant included an unauthorized separate controverting statement of facts (which the Court will strike, both because separate statements of facts do not come into play on a Rule 12(c) motion and because the Court's scheduling order explicitly bans them). Third, Defendant filed her response memorandum late (the Court will not strike it, however, because the Government is not prejudiced by the tardy filing). *Compare* LRCiv 7.2(c), *with* LRCiv 56.1.

entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). Either party may move for judgment on the pleadings. *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002). "A plaintiff may move for judgment on the pleadings if the answer fails to controvert material facts alleged in the complaint." *Id.* Accordingly, when ruling on a motion for judgment on the pleadings filed by a plaintiff, "[u]ncontested allegations to which the other party had an opportunity to respond are taken as true." *Id.*

**III. Discussion**

"Under 8 U.S.C. § 1451(a), the government may file a complaint to revoke naturalization if a citizen's naturalization was 'illegally procured[.]'" *United States v. Teng Jiao Zhou*, 815 F.3d 639, 642 (9th Cir. 2016). "Naturalization was 'illegally procured' if the individual did not meet the statutory requirements for citizenship." *Id.* at 643 (citing *Fedorenko v. United States*, 449 U.S. 490, 506 (1981); *United States v. Dang*, 488 F.3d 1135, 1139 (9th Cir. 2007)). Because loss of citizenship "can have severe and unsettling consequences," "[t]he evidence justifying revocation of citizenship must be clear, unequivocal, and convincing and not leave the issue in doubt." *Fedorenko*, 449 U.S. at 505 (citation omitted). "If the government meets it high burden, however, a court must enter a judgment of denaturalization—it lacks any discretion to do otherwise." *Teng Jiao Zhou*, 815 F.3d at 642.

In Count II of the amended complaint, the Government alleges (1) Defendant's departure from the United States pursuant to an order of deportation rendered her inadmissible for a period of ten years, (2) as a result, Defendant could not have lawfully adjusted to LPR status in 2001, and (3) Defendant therefore was and is ineligible for naturalization. A straightforward application of the law to the facts alleged in the complaint and admitted in the answer compels this result.

One requirement for citizenship is that an applicant must first have been lawfully admitted to the United States as an LPR. 8 U.S.C. §§ 1427(a)(1), 1429. "The term 'lawfully' denotes compliance with substantive legal requirements, not mere procedural

regularity." *Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217 (9th Cir. 2010) (citation omitted). Thus, even an alien who obtained LPR status through a "negligent mistake made by the government" will be deemed not lawfully admitted if she did not substantively comply with all requirements. *Savoury v. United States Att'y Gen.*, 449 F.3d 1307, 1317 (11th Cir. 2006); *see Kyong Ho Shin*, 607 F.3d at 1217 ("[A]ll grants of LPR status that were not in substantive compliance with the immigration laws [are] void ab initio."). A refugee seeking to adjust to LPR status must demonstrate admissibility as an immigrant. 8 U.S.C. § 1159. An alien who has departed the United States under an order of removal and who later seeks admission is inadmissible within ten years of her departure. 8 U.S.C. § 1182(a)(9)(A)(ii)(II).

It is undisputed that Defendant departed the United States sometime between late 1995 and January 1998 while under an order of removal.[3] Defendant reentered the United States as a refugee in January 1998, sought adjustment to LPR status in 1999, and obtained LPR status in 2001—all before the expiration of the ten-year bar on admission. Hence, Defendant did not obtain lawful permanent residence because she was inadmissible as a matter of law.

To avoid this clear result, Defendant erroneously argues that this Court lacks subject matter jurisdiction to determine whether she lawfully adjusted to LPR status. Defendant cites no authority for this argument, which, if adopted, would result in an absurd reading § 1451(a). As previously noted, the Court is authorized to revoke a person's naturalization if that naturalization was illegally procured, and determining whether naturalization was illegally procured necessarily requires an examination of whether the naturalized citizen complied substantively with all congressionally mandated prerequisites. Section 1451(a)'s command would make little sense if, in adjudicating whether a person illegally procured naturalization, the Court could not determine whether that person complied substantively with prerequisites such as adjustment to lawful permanent resident status.[4]

---

[3] The exact departure date is irrelevant because Defendant's reentry and subsequent adjustment to permanent resident status occurred within ten years of the earliest possible date.

[4] Defendant also erroneously argues that *Fedorenko* is no longer good law or applies

- 4 -

Alternatively, Defendant argues that she *could have* lawfully obtained permanent residence because the government has discretion to waive the ten-year bar on admission. *See* 8 U.S.C. § 1182(a)(9)(A)(iii). This argument, too, is misguided because Defendant does not claim that she sought and received a waiver. Instead, she notes that such a waiver theoretically is available. But Defendant admits she did not disclose her Fisher alias, alternative alien registration number, or previous order of deportation when she applied for refugee status, LPR status, and citizenship. Therefore, Defendant logically could not have obtained a waiver of her inadmissibility because she did not disclose to the Government any information that would have indicated she needed one.

**IV. Conclusion**

Although the Government's burden when seeking a judgment of denaturalization is high, the undisputed allegations in the amended complaint compel the conclusion that Defendant's permanent residence is void ab initio because she was inadmissible per § 1182(a)(9)(A)(ii)(II). Consequently, Defendant's naturalization was illegally procured within the meaning of § 1451(a) because Defendant did not satisfy all statutory requirements for citizenship.

**IT IS ORDERED** that the Government's motion to strike Defendant's affirmative defenses (Doc. 27) is **GRANTED** pursuant to LRCiv 7.2(i).

**IT IS FURTHER ORDERED** that Defendant's separate statement of facts (Docs. 33-1 and 33-2) is **STRICKEN** because the filing is not authorized.

**IT IS FURTHER ORDERED** that the Government's motion for judgment on the pleadings (Doc. 29) is **GRANTED** and judgment is entered in favor of the Government and against Defendant on Count II of the amended complaint as follows:

1. The Court declares that Defendant illegally procured her citizenship because she admittedly entered the United States within ten years of departing under an order of

---

only to limited circumstances. Recent cases continue to rely on and apply *Fedorenko*. *See*, *e.g.*, *Teng Jiao Zhou*, 815 F.3d at 642-43 (9th Cir. 2016) (relying on *Fedorenko* when reviewing allegations of illegal procurement of naturalization); *Friend v. Reno*, 172 F.3d 638, 640, 647 (9th Cir. 1999) (relying on *Fedorenko* when considering lawful naturalization based on a nonimmigrant visa).

removal. Thus, she was not "lawfully" admitted for permanent residence. 8 U.S.C. § 1427(a). Accordingly, the Court orders revocation of Defendant's citizenship pursuant to 8 U.S.C. § 1451(a).

2. This order shall act as a separate judgment revoking and setting aside the order admitting Defendant to citizenship, and it shall deem Certificate of Naturalization No. 27713045 cancelled as of its date of issuance, May 14, 2004. Defendant is forever restrained and enjoined from claiming any rights or privileges, benefits, or advantages relating to United States citizenship that she obtained as a result of her May 14, 2004 naturalization.

3. Defendant is ordered to surrender and deliver, within ten days of this order, her Certificate of Naturalization, No. 27713045, and any copies thereof in her possession, as well as any other indicia of United States citizenship, including but not limited to U.S. passports and passport cards, voter registration cards, and other relevant documents, whether current or expired, to the Attorney General, or his designated representing, including counsel for Plaintiff the United States of America.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this case.[5]

Dated this 28th day of October, 2019.

Douglas L. Rayes
United States District Judge

---

[5] The Government previously represented to the Court that a favorable ruling on its motion or judgment on the pleadings "would be dispositive of the entire case[.]" (Doc. 30 at 2.)